**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**
Civil Division

| | | |
|---|---|---|
| SHANA HARGROVE | * | |
| AS POWER OF ATTORNEY | | |
| FOR KEVIN WELCH | * | CIVIL ACTION NO.: 1:23-cv-3381 |
| PLAINTIFF | * | |
| v. | * | |
| MEDSTAR WASHINGTON HOSPITAL | * | |
| CENTER, *ET AL.* | | |
| | * | |
| DEFENDANTS | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEDSTAR WASHINGTON HOSPITAL'S ANSWER TO COUNT I OF PLAINTIFF'S COMPLAINT

Defendant, Washington Hospital Center Corporation d/b/a MedStar Washington Hospital Center ("MedStar" or "Defendant"), by its undersigned attorneys, and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, answers Plaintiff's Complaint and states as follows:

1. Defendant admits the allegations in Paragraph 1.

2. Defendant admits the allegations in Paragraph 2.

3. Defendant admits the allegations in Paragraph 3.

4. Defendant admits the allegations in Paragraph 4.

5. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6. Defendant MedStar admits that it is a licensed medical provider and has a duty to comply with the applicable standard of care. MedStar also admits that Defendants Stephen Matthew

Luczycki, M.D., Maxwell Hockstein, M.D., and Kaitlyn Marie Dunphy, M.D., were employees of MedStar at all times relevant hereto and acted within the scope of their employment. MedStar denies that there was a breach in the standard of care. MedStar denies the remainder of the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant Stephen Matthew Luczycki, M.D., admits that he is a licensed medical provider and has a duty to comply with the applicable standard of care. Dr. Luczycki also admits that at all times relevant hereto, he was an employee of MedStar and acted within the scope of his employment. Dr. Luczycki denies that there was a breach in the standard of care. Dr. Luczycki denies the remainder of the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant Maxwell Hockstein, M.D., admits that he is a licensed medical provider and has a duty to comply with the applicable standard of care. Dr. Hockstein also admits that at all times relevant hereto, he was an employee of MedStar and acted within the scope of his employment. Dr. Hockstein denies that there was a breach in the standard of care. Dr. Hockstein denies the remainder of the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant Kaitlyn Marie Dunphy, M.D., admits that she is a licensed medical provider and has a duty to comply with the applicable standard of care. Dr. Dunphy also admits that at all times relevant hereto, she was an employee of MedStar and acted within the scope of her employment. Dr. Dunphy denies that there was a breach in the standard of care. Dr. Dunphy denies the remainder of the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant admits that it is a licensed medical provider and has a duty to comply with the applicable standard of care. Defendant denies that there was a breach in the standard of care. Defendant denies the remainder of the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant incorporates by reference its responses to Paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, denies the same. With respect to the alleged excerpt from the narrative report, Defendant references the PG County Fire Department ambulance records created in regard to the medical services to Plaintiff beginning on June 14, 2022, and Defendant denies any allegations inconsistent therewith. **(MWHC 004117)**

13. In responding to Paragraph 13 of the Complaint, Defendant references the medical records created in regard to the medical services Southern Maryland Hospital Center provided to Plaintiff beginning on June 14, 2022, and Defendant denies any allegations inconsistent therewith. **(MWHC 004087-004113)**

14. Defendant admits that Mr. Welch was transported via helicopter to Medstar Washington Hospital Center for medical services. **(MWHC000473-475).** In further responding to Paragraph 14 of the Complaint, Defendant references the medical records created in regard to the medical services provided to Plaintiff at MedStar Transport and MedStar Southern Maryland Hospital (Dr. Patrick Finan) prior to the helicopter transport to MedStar Washington Hospital Center beginning on June 14, 2022, and Defendant denies any allegations inconsistent therewith. **(MWHC 004094)**

15. Defendant admits Plaintiff was diagnosed with an ascending aortic dissection. In further responding to Paragraph 15 of the Complaint, Defendant references the medical records created in regard to the medical services Southern Maryland Hospital Center provided to

Plaintiff beginning on June 14, 2022, and Defendant denies any allegations inconsistent therewith. **(MWHC 004087-004113)**

16. Defendant admits that Mr. Welch underwent an operation on June 14, 2022, and was subsequently intubated and transferred to the ICU. In further response to Paragraph 16 of the Complaint, Defendant references the medical records created in regard to the medical services Defendant provided to Plaintiff beginning on June 14, 2022 including the operative report, and Defendant denies any allegations inconsistent therewith. **(MWHC000217-222)**

17. Defendant admits that Stephen Matthew Luczycki, M.D., Maxwell Hockstein, M.D., and Kaitlyn Marie Dunphy, M.D., were employees of MedStar at all times relevant hereto and acted within the scope of their employment. In further response to Paragraph 17 of the Complaint, Defendant references all the medical records created in regard to the medical services Defendant provided to Plaintiff beginning on June 14, 2022, and Defendant denies any allegations inconsistent therewith and denies that Paragraph 17 sets forth the complete medical assessments on June 15, 2022. **(MWHC000178, 180)**

18. Defendant admits that the quote contained in Paragraph 18 is contained within the medical records at page **MWHC 000317**. Defendant denies the remainder of the allegations set forth in Paragraph 18 of the Complaint and denies that Paragraph 18 sets forth the complete medical assessments on June 16, 2022. In further responding to Paragraph 18 of the Complaint, Defendant references the medical records created in regard to the medical services Defendant provided to Plaintiff beginning on June 14, 2022, and Defendant denies any allegations inconsistent therewith.

19. Defendant admits that a neurology consultation was performed by Robert Cai, M.D., on June 17, 2022. Defendant admits that the quotes contained in Paragraph 19 are contained

within that consultation note at **MWHC 00042-46.** Defendant denies the remainder of the allegations set forth in Paragraph 19 of the Complaint and denies that Paragraph 19 sets forth the complete medical assessments on June 17, 2022. In further responding to Paragraph 19 of the Complaint, Defendant references the medical records created in regard to the medical services Defendant provided to Plaintiff beginning on June 14, 2022, and Defendant denies any allegations inconsistent therewith.

20. Defendant admits that the medical records include critical care progress notes and neurology progress notes on June 18, 2022. Defendant admits that the quotes contained in Paragraph 20 are contained within those notes at **MWHC 000311-313, 000354-357.** Defendant denies the remainder of the allegations set forth in Paragraph 20 of the Complaint and denies that Paragraph 20 sets forth the complete medical assessments on June 18, 2022. In further responding to Paragraph 20 of the Complaint, Defendant references the medical records created in regard to the medical services Defendant provided to Plaintiff beginning on June 14, 2022, and Defendant denies any allegations inconsistent therewith.

21. Defendant admits that the medical records include critical care progress notes on June 19, 2022. Defendant admits that the quote contained in Paragraph 21 is contained within a critical care note on June 19, 2022 at **MWHC 000308.** Defendant denies the remainder of the allegations set forth in Paragraph 21 of the Complaint and deny that Paragraph 21 sets forth the complete medical assessments on June 19, 2022. In further responding to Paragraph 21 of the Complaint, Defendant references the medical records created in regard to the medical services Defendant provided to Plaintiff beginning on June 14, 2022, and Defendant denies any allegations inconsistent therewith.

22. Defendant admits that the medical records include critical care progress note on June 20, 2022. (**MWHC 000308).** Defendant denies the remainder of the allegations set forth in Paragraph 22 of the Complaint and denies that Paragraph 22 sets forth the complete medical assessments on June 20, 2022. In further responding to Paragraph 22 of the Complaint, Defendant references the medical records created in regard to the medical services Defendant provided to Plaintiff beginning on June 14, 2022, and Defendant denies any allegations inconsistent therewith.

23. Defendant admits that the medical records include critical care progress notes on June 21, 2022. Defendant admits that the quote contained in Paragraph 23 is contained within a critical care note on June 21, 2022 at **MWHC 000303-307.** Defendant denies the remainder of the allegations set forth in Paragraph 23 of the Complaint and denies that Paragraph 23 sets forth the complete medical assessments on June 21, 2022. In further responding to Paragraph 23 of the Complaint, Defendant references the medical records created in regard to the medical services Defendant provided to Plaintiff beginning on June 14, 2022, and Defendant denies any allegations inconsistent therewith.

24. Defendant admits that an MRI of the brain without contrast and an MRI of the cervical spine without contrast were performed on Mr. Welch on June 22, 2022. Defendant admits that the quote contained in Paragraph 24 is contained within the medical records at **MWHC 001124.** Defendant denies the remainder of the allegations set forth in Paragraph 24 of the Complaint and denies that Paragraph 24 sets forth the complete medical assessments on June 22, 2022. In further responding to Paragraph 24 of the Complaint, Defendant references the medical records created in regard to the medical services Defendant provided to Plaintiff beginning on June 14, 2022, and Defendant denies any allegations inconsistent therewith.

25. Defendant admits that an MRI of the brain without contrast and an MRI of the cervical spine without contrast were performed on Mr. Welch on June 22, 2022. Defendant admits that the quote contained in Paragraph 25 is contained within the medical records at **MWHC 001124.** Defendant denies the remainder of the allegations set forth in Paragraph 25 of the Complaint and denies that Paragraph 25 sets forth the complete medical assessments on June 22, 2022. In further responding to Paragraph 25 of the Complaint, Defendant references the medical records created in regard to the medical services Defendant provided to Plaintiff beginning on June 14, 2022, and Defendant denies any allegations inconsistent therewith.

26. Defendant admits that an MRI of the brain without contrast and an MRI of the cervical spine without contrast were performed on Mr. Welch on June 22, 2022. Defendant admits that the quotes contained in Paragraph 26 is contained within the medical records at **MWHC 00119.** Defendant denies the remainder of the allegations set forth in Paragraph 25 of the Complaint and denies that Paragraph 26 sets forth the complete medical assessments on June 22, 2022. In further responding to Paragraph 26 of the Complaint, Defendant references the medical records created in regard to the medical services Defendant provided to Plaintiff beginning on June 14, 2022, and Defendant denies any allegations inconsistent therewith.

27. Defendant denies that a stroke consultation was performed on June 22, 2022. Defendant admits that the quote contained in Paragraph 27 is contained within a critical care progress note on June 23, 2022 at **MWHC 000293.** Defendant denies the remainder of the allegations set forth in Paragraph 27 of the Complaint and denies that Paragraph 27 sets forth the complete medical assessments on June 23, 2022. In further responding to Paragraph 27 of the Complaint, Defendant references the medical records created in regard to the medical

services Defendant provided to Plaintiff beginning on June 14, 2022, and Defendant denies any allegations inconsistent therewith.

28. Defendant admits that a stroke consultation was performed on June 23, 2022. Defendant denies the remainder of the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant admits that Mr. Welch was transferred to MedStar National Rehabilitation Hospital on July 8, 2022, and discharged on September 16, 2022. In further responding to Paragraph 29 of the Complaint, Defendant references the medical records created in regard to the medical services provided to Plaintiff from July 8, 2022 to September 16, 2022 and Defendant denies any allegations inconsistent therewith.

30. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint.

31. Defendant incorporates by reference its responses to Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

**COUNT ONE – MEDICAL MALPRACTICE**

32. Defendant admits that Mr. Welch underwent an operation on June 14, 2022.

33. Defendant admits the Plaintiff was transferred to the ICU.

34. Defendant admits that Stephen Matthew Luczycki, M.D., Maxwell Hockstein, M.D., and Kaitlyn Marie Dunphy, M.D., were employees of MedStar at all times relevant hereto and acted within the scope of their employment and that they were among the providers who cared for Plaintiff beginning on June 14, 2022 on the specific dates as documented in the medical records.

35. Defendant admits that Stephen Matthew Luczycki, M.D., Maxwell Hockstein, M.D., and Kaitlyn Marie Dunphy, M.D., were employees of MedStar at all times relevant hereto and

acted within the scope of their employment and that they were among the providers who cared for Plaintiff beginning on June 14, 2022 on the specific dates as documented in the medical records. Defendant denies the remainder of the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36.

37. With respect to the MRI results, Defendant reference the medical records created in regard to the medical services Defendant provided to Plaintiff beginning on June 14, 2022, and Defendant denies any allegations inconsistent therewith. Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations in Paragraph 37 of the Complaint and, therefore, denies the same.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

Defendant generally denies liability for the claims asserted in the Complaint and any allegations not explicitly admitted are denied.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint should be dismissed for failure to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's recovery is barred because of Plaintiff's assumption of risk.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's recovery is barred because of Plaintiff's contributory negligence.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff's claims are barred by the doctrines of settlement, release, and/or payment.

**FIFTH AFFIRMATIVE DEFENSE**

5. If Plaintiff suffered any damages as alleged, which any such allegation Defendant denies, such damages were caused by independent, intervening, or superseding causes.

**SIXTH AFFIRMATIVE DEFENSE**

6. Defendant specifically and categorically denies Plaintiff's allegations concerning liability, injuries, and damages. Notwithstanding the foregoing, to the extent that Plaintiff may be able to prove those allegations, Defendant states that they were the result of independent and/or intervening acts of superseding negligence on the part of another actor.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims should be denied to the extent that Plaintiff failed to take reasonable steps to mitigate his damages.

**EIGHTH AFFIRMATIVE DEFENSE**

8. No act or omission by Defendant was the proximate cause of any damages suffered by Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

9. Defendant reserves the right to modify and/or assert additional or different affirmative defenses based on evidence produced during the course of discovery or at trial.

**TENTH AFFIRMATIVE DEFENSE**

10. Defendant incorporates the defenses of all others who are or may become parties to this action as though fully set forth herein.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint, award Defendant reasonable costs and expenses, including attorneys' fees, and grant such other and further relief as the Court deems fair and equitable.

/s/ Michael J. Halaiko
Michael J. Halaiko (Federal Bar No. 466649)
Nelson Mullins Riley & Scarborough LLP
100 S. Charles Street, Suite 1600
Baltimore, MD 21201
(443) 392-9400 (Telephone)
(443) 392-9499 (Facsimile)
mike.halaiko@nelsonmullins.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of December, 2023 a copy of the foregoing was filed and served by electronic submissions via CM/ECF, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia, on:

Governor E. Jackson, III
Law Office of Governor Jackson, III LLC
10 G Street NE, Suite 600
Washington, D.C. 20002

Kim Parker, Esquire
Law Offices of Kim Parker, P.A.
2123 Maryland Avenue
Baltimore, MD 21218

Counsel for Plaintiff, Shana Hargrove

/s/ Michael J. Halaiko
Michael J. Halaiko