IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| SHANA HARGROVE | * | |
| AS POWER OF ATTORNEY | | |
| FOR KEVIN WELCH, | * | Civil Action No.:  1:23-cv-3381 (RJL) |
| | | |
| Plaintiff, | * | |
| | | |
| v. | * | |
| | | |
| MEDSTAR WASHINGTON HOSPITAL | * | |
| CENTER, *ET AL.*, | | |
| | * | |
| Defendants. | | |
| | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

**DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S PROPOSED
EXPERT AHMAD ELAKIL M.D. REGARDING PROXIMATE CAUSATION AND
<u>DAMAGES</u>**

Defendants, Washington Hospital Center Corporation d/b/a MedStar Washington Hospital Center, Stephen Matthew Luczycki, M.D., Maxwell A. Hockstein, M.D., and Kaitlyn Marie Dunphy, M.D., collectively referred to as "Defendants"), by and through their undersigned attorneys, Donna P. Sturtz and Nelson Mullins Riley & Scarborough L.L.P., submit this Memorandum of Law in Support of Motion to Exclude Testimony of Plaintiffs' Proposed Expert Ahmad Elakil, M.D. on Proximate Causation and Damages and state as follows:

1.      On November 9th, 2023, Plaintiff filed a Complaint against Defendants and then filed an Amended Complaint on December 22, 2023, withdrawing the Count II ("NIED") claim and replacing it with Count II - Violation of the D.C. Consumer Protections and Procedures Act Code 28-3905 ("CPPA"). By Memorandum Opinion dated June 28, 2024, Count II of the Amended Complaint was dismissed and thus the only claim remaining is a medical negligence claim (Count

I) that arises out of emergency surgery performed to save Plaintiff's life after he suffered a Type A Aortic Dissection and was rushed to the hospital for surgery. Plaintiff alleges the standard of care required different action post-operatively by the critical care doctors in response to symptoms related to a cerebral stroke and spinal stroke caused by the Type A Aortic Dissection. Plaintiff suggests that earlier diagnosis and action related to the strokes may have lessened the Plaintiff's alleged residual neurological injury. Defendants deny the allegations on standard of care and on proximate causation maintaining that the care was reasonable and that any residual neurological injury was caused by the Type A Aortic Dissection and surgical repair and was not caused by any alleged breach in the standard of care.

2.      Per the Joint Rule 16.3 Statement filed on January 16, 2024, and Order dated February 6, 2024, discovery in this case closed on October 14, 2024.

3.      Expert testimony is required in medical malpractice actions on both standard of care and proximate causation. One of Plaintiff's experts, Dr. Ahmad Elakil testified that he is not offering any opinions at trial on standard of care. In rendering his proposed causation and damages opinions, Dr. Ahmad Elakil (a spine surgeon) undertook no rigor that is accepted in neurology (of which he is not an expert) or gave any legitimate consideration to all the medical facts in this case related to the Plaintiff. This is the exact type of "opinion" that Federal Rule of Evidence Rule 5-702 is meant to preclude. For these reasons, Defendants' Motion to Exclude Dr. Elakil should be granted.

4.      The legal basis for Defendant's Motion is described in detail in the accompanying Defendants' Memorandum of Law in support of Motion to Exclude Testimony of Plaintiff's Proposed Expert Ahmad Elakil M.D. Regarding Proximate causation and Damages.

WHEREFORE, for the reasons more fully set forth in the Memorandum, Defendants respectfully

request that the Court grant this Motion.

Respectfully submitted,

*/s/ Donna P. Sturtz*
Donna P. Sturtz (Federal Bar No. 435617)
David M. Sturtz (Federal Bar No. 90017707)
Nelson Mullins Riley & Scarborough LLP
100 S. Charles Street, Suite 1600
Baltimore, MD  21201
(443) 392-9400 (Telephone)
(443) 392-9499 (Facsimile)
donna.sturtz@nelsonmullins.com
david.sturtz@nelsonmullins.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 12th day of November, 2024 a copy of the foregoing was served by electronic submissions via CM/ECF, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia, on:

Governor E. Jackson, III
Law Office of Governor Jackson, III LLC
10 G Street NE, Suite 600
Washington, D.C.  20002
gjackson@governorjacksonlaw.com

Kim Parker, Esquire
Law Offices of Kim Parker, P.A.
2123 Maryland Avenue
Baltimore, MD  21218
kp@kimparkerlaw.com

Counsel for Plaintiff

*/s/ Donna P. Sturtz*
Donna P. Sturtz