## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

**SHANA HARGOVE**,

        *Plaintiff*,

    v.

**MEDSTAR WASHINGTON HOSPITAL CENTER**, *et al* ,

        *Defendants*.

CASE NO. 1:23-cv-3381-RJL

### PLAINTIFF ANSWERS TO DEFENDANTS INTERROGATORIES

**NOW COMES** Shana Hargrove, as Power of Attorney to Kevin Welch, (the "Plaintiff") by and through her undersigned counsels, and hereby answers the Interrogatories propounded upon her by Defendants, and answers, as follows:

### PRELIMINARY STATEMENT

1.     The following Answers are based upon information presently available to Plaintiff, and which Plaintiff believes to be correct. These Answers are made without prejudice to her right to utilize subsequently discovered facts.

2.     No incidental or implied admissions of fact by Plaintiff are made by these Answers. The only admissions are express admissions. The fact that Plaintiff has answered to any Interrogatory herein may not be properly taken as an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by such Interrogatories, or that such Answer constitute admissible evidence. The fact that Plaintiff has responded to part or all of the Interrogatories is not intended to be, and shall not be construed to be, a waiver by Plaintiff of all or any part of any objections made by Plaintiff to any Interrogatories.

3.      Plaintiff reserves the right to supplement these objections and Answers in the event that additional responsive information is located at a later date.

4.      This Preliminary Statement is hereby incorporated by reference into each of the Answers set forth below.

5.      The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes the party's agents, representatives and attorneys unless privileged.

6.      The word usage and sentence structure is that of the attorney and does not purport to be the exact language of the executing party.

## GENERAL OBJECTIONS

1.      Plaintiff objects to Defendants Interrogatories without waiver of, or prejudice to any additional objections Plaintiff may make.

2.      All such objections are hereby expressly preserved, as is the right to move for a protective order.

3.      Plaintiff reserves all objections as to the admissibility at trial of any information provided.

4.      The supplying of any information does not constitute an admission by Plaintiff that such information is relevant in this lawsuit.  All information provided by Plaintiff is for use in this litigation only and for no other purpose.

5.      Plaintiff objects to each and every Interrogatory to the extent that any of the information requested, if any, was obtained and prepared in anticipation of litigation or for trial and Defendants have made no showing that it has substantial need for the materials in the preparation of its case and that it is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means.  Plaintiff further objects to each and every Interrogatory

**Plaintiff Answers to Interrogatories**
**Page 2**

to the extent that the information called for, if any, is privileged and is not discoverable under the Federal Rules of Civil Procedure.

6.      Plaintiff objects to each and every Interrogatory  to the extent that it seeks to vary the obligations imposed on Plaintiff under the Federal Rules of Civil Procedure.

7.      Plaintiff objects to each and every Interrogatory to the extent that it seeks information that is equally available to Defendants and the burden on Defendants to obtain the requested information is no greater than the burden on Plaintiff.

8.      Plaintiff objects to each and every Interrogatory to the extent that it is overly broad, oppressive, unduly burdensome and expansive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure.

9.      Plaintiff objects to each and every Interrogatory to the extent it seeks an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed.

10.      Plaintiff reserves the right to supplement its responses to Defendants Interrogatories upon completion of discovery.

11.      Plaintiff objects to Defendant's use of the word "identify" in their Interrogatories because it is multi-part and increases the number of Interrogatories to an amount exceeding the total allowed by the Federal Rules of Civil Procedure.

12. Plaintiff's responses to Defendants Interrogatories are made without any prejudice to her right to produce evidence at trial, and with preservation of her right to object on any ground to the use of any evidence or any other use of the information provided in this or any other proceeding.

**Plaintiff Answers to Interrogatories**
**Page 3**

Subject to and without waiving these objections, Plaintiff responds to the individually numbered request as follows:

**ANSWERS**

INTERROGATORY NO. 1:  Please state your full legal name, any former name(s), date of birth, social security number, current marital status and complete marital history, the names of any children or dependents, and residence addresses for the last ten (10) years, specifying the dates during which you lived at each address and who you lived with.

**ANSWER: Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and invades privacy rights. The scope of the information requested, including social security number, marital status and history, the names of any children or dependents, and residence addresses for the last ten (10) years, is irrelevant to the claims and defenses in this litigation and exceeds the permissible bounds of discovery. Further, the request for personal information such as social security numbers and details about children or dependents is highly sensitive and protected by privacy rights, and therefore inappropriate to be disclosed in this context. The identity and personal details of the client are already known to all parties. Therefore, subject to the general objections and the foregoing specific objections, Plaintiff states that the Plaintiff's complete name is Kevin Glascoe Welch, his Date of Birth is  March 14, 1980, the last 4 digits of his social security number is \*\*\*-\*\*-4255, he is Single, with no dependents.  His current address is 4706 Mary Beth Blvd Clinton, Maryland 20735. He has resided at this address from January 2014 through November 2020. As of November 2020, he resides with Marvin Holland & Shana Hargrove at 12615 Brandywine Road, Brandywine, Maryland 20763.**

INTERROGATORY NO. 2: State in complete detail your prior history of clinical complaints related to your chest pain and the June 14, 2022 operation which included aortic dissection repair, hemi-arch replacement, ascending aorta replacement, aortic valve resuspension, reconstruction of sinotubular junction, and circulatory arrest with retrograde cerebral perfusion, including (a) a description of the complaints; (b) any related diagnosis; (b) all health care providers who examined or treated you for spine complaints; and (c) what action was taken by you to resolve the complaints.

**ANSWER: Plaintiff had no prior clinical complaints related to chest pain. Pursuant to FRCP 33(d), Plaintiff relies on the attached medical records. Plaintiff reserves the right to supplement his responses.**

INTERROGATORY NO. 3:  State in complete detail your history of surgeries prior to June 14, 2022, including (a) when and what diagnosis lead to the surgery; (b) all health care providers who examined or treated you for that diagnosis and the related surgery; (c) a description of the related symptoms associated with the diagnosis; and (d) whether the surgery resolve the symptoms.

**ANSWER:  Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Request seeks a comprehensive history of all surgeries Mr. Welch has undergone prior**

to June 14, 2022, without any limitation as to time or relevance to the instant case. Moreover, the Request, as written, could be interpreted to require information protected by physician-patient privilege and may infringe on Mr. Welch's privacy rights. Subject to and without waiving the foregoing objections, Plaintiff had no surgeries prior to June 14, 2022. Plaintiff reserves the right to supplement.

INTERROGATORY NO. 4: State in complete detail your history of psychiatric/mental health care, sought both before and after the June 14, 2022, surgery, if any. If applicable, please include: (a) when you were first diagnosed; (b) all health care providers who examined or treated you; (c) how often you experience psychiatric symptoms and a description of the symptoms; and (d) what action is taken by you to treat the psychiatric/mental health condition.

ANSWER: **Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Request seeks a comprehensive history of all psychiatric and mental health care Mr. Welch has undergone prior to June 14, 2022, without any limitation as to time or relevance to the instant case. Moreover, the Request, as written, could be interpreted to require information protected by physician-patient privilege and may infringe on Mr. Welch's privacy rights. Subject to and without waiving the foregoing objections, Plaintiff had no history of psychiatric/mental health issues prior to June 14, 2022. As a result of the incident described in Plaintiff's First Amended Complaint, he was seen by Dr. Katie A Lehockey, PhD while an inpatient at National Rehabilitation, located at 102 Irving St NW, Washington, DC 20010. Thereafter, Mr. Welch began seeing Dr. Bethany Gorter PhD, Medstar, 102 Irving St NW, Washington, DC 20010, from October 11, 2022 through the present. Pursuant to FRCP 33(d), Plaintiff relies on the attached medical records, which describe the diagnosis, symptoms, and frequency of treatment.**

INTERROGATORY NO. 5: As to each occasion on which you were examined or treated by a Medical Provider and/or at a Healthcare Facility, please:
a.    Identify the Medical Provider and/or Healthcare Facility;
b.    State the date and duration of the visit;
c.    Explain the reason you went to the Medical Provider and/or Healthcare Facility;
d.    Describe the nature and extent of the examination and treatment received;
e.    Identify all tests and procedures which were performed and the results thereof; and
f.    State the diagnosis and prognosis that was made.


ANSWER: **Subject to and without waiving the general objections, the plaintiff Shana Hargrove as Power of Attorney for Kevin Welch objects to this Request on the following grounds, As to subpart (a), the Request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Medical Provider and Healthcare Facility are not defined and could include any individual or institution that has ever provided any form of medical care or service to Kevin Welch, including routine check-ups, unrelated medical issues, and incidents not relevant to the present action. The plaintiff proposes to limit this request to medical providers and healthcare facilities that have treated Mr. Welch for conditions directly related to the incident forming the basis of the claims in**

this litigation. As to subparts (b), (c), (d), (e), and (f), the plaintiff objects to the extent they seek information protected by the physician-patient privilege and/or the privacy rights granted by federal and state laws, including but not limited to the Health Insurance Portability and Accountability Act (HIPAA). Moreover, the Request is unduly burdensome and overbroad to the extent it seeks detailed information about every examination and treatment Mr. Welch has ever received, regardless of its relevance to the issues in this litigation. Subject to and without waiving the foregoing objections, Mr. Welch cannot recall each and every visit to every medical professional that he has been examined or treated by. Mr. Welch does recall that he was treated by a doctor at the Malcolm Grow Hospital, Andrews Airforce Base (AAFB), located 1060 W Perimeter Rd, Joint Base Andrews, MD 20762 which was a routine visit. Plaintiff reserves the right to supplement.

INTERROGATORY NO. 6:  State, in complete detail, the facts as you know or believe them to be, based upon your personal knowledge and on the information that you have learned from others, as to what the Defendants or any of their agents, servants or employees did or failed to do in connection with the care at issue in this case, identifying each person or instrumentality involved therewith.

ANSWER: Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is protected by attorney-client privilege and the work product doctrine. This Request, as currently phrased, requires the Plaintiff to provide a comprehensive recounting of the case's facts, including sensitive information that could potentially infringe upon the protected attorney-client relationship and work product. The Request also impermissibly calls for legal conclusions by asking the Plaintiff to determine what actions or omissions by the Defendants or their agents, servants, or employees are relevant to this case. Further, the Request is not limited in time or scope, nor does it specifically identify each person or instrumentality involved therewith, which potentially opens the door for the Defendants to seek information unrelated to the claims and defenses in the action.  Subject to and without waiving the foregoing objections, on June 14, 2022 he began to feel extreme chest pain after consuming a significant amount of caffeine during a long road trip. Plaintiff called an ambulance, which transported him to Southern Maryland Hospital Center, where the medical staff determined that he needed to be airlifted to Medstar Washington Hospital Center ("MWHC"). Plaintiff was diagnosed with an ascending aortic dissection (which is an acute tear of the aorta (the main artery of the body) that extends upwards from the heart). In order to treat this condition, the medical staff at MWHC performed an operation that included: (i) Type A aortic dissection repair, (ii) hemi-arch replacement, (iii) ascending aorta replacement, (iv) aortic valve resuspension (v) reconstruction of sinotubular junction, (vi) and circulatory arrest with retrograde cerebral perfusion (RCP). Following his operation, the Plaintiff was intubated and transported to the ICU. While in the ICU, Plaintiff allegedly began to "exhibit sequelae associated with the onset of a stroke and other neurological injury, including, but not limited to, weakness of his bilateral extremities, difficulty speaking, encephalopathy, and hypoxic respiratory failure. Plaintiff believes and therefore avers that the "healthcare providers prolonged the performance of magnetic resonance imaging (an "MRI") for approximately a week after the physical and physiological manifestation of symptoms associated with a stroke and other

neurological injury. Plaintiff alleges breaches in the standard of care associated with the alleged delay in performing an MRI as well as other aspects of Plaintiff's post operative care. Plaintiff alleges that these breaches in the standard of care caused Plaintiff to suffer a physical injury in the form of "multiple infarcts to his brain and spine which were not present preoperatively," resulting in Plaintiff suffering "memory loss, difficulty ambulating unassisted, difficulty speaking, difficulty performing daily life activities, an inability to engage in physical recreational activity (i.e. martial arts), and behavioral tendencies associated with depression and emotional and psychological despair.

Moreover, Plaintiff believes that the Defendants:

1. Kept Mr. Welch in a sedated state that prevented them from noticing stroke symptoms immediately.
2. Failed to do the MRI timely, thus failing to mitigate brain damage with the use of early intervention medications.
3. Dismissed stroke symptoms and said it was just ICU delirium.
4. ICU nurses failed to chart timely, often not charting a day's worth of symptoms just before the end of their shifts.
5. Acknowledging the need for an MRI, but falsely claiming the MRI was not done for safety concerns and because of improvements.  There were never improvements in Mr. Welch's presentation until he left the ICU.
6. Missed findings of neurological deficits during routine hourly evaluations.
7. Failed to correctly diagnose Mr. Welch's altered mental status.
8. Failed to reduce delays in stroke recognition for a patient that required sedative agents, by targeting light sedation, interrupting sedative agents daily.
9. Substantial time delays in the evaluation and management of Mr. Welch's stroke.
10. Poor clinical practices.

Pursuant to FRCP 33(d), Plaintiff relies on the attached medical records, which describe the diagnosis, symptoms, and frequency of treatment. Plaintiff reserves the right to supplement her answer based on expert opinions, which will be disclosed consistent with the scheduling order. These experts may opine that there are additional breaches of the standard of care, which proximately caused Plaintiff's medical conditions.

INTERROGATORY NO. 7:  For each allegedly negligent act of commission or omission that you contend was committed by Defendants or any of their agents, servants, or employees, state all particulars with relation to such act, including the direct act of omission or commission which you claim was negligently committed or negligently omitted, the time and place, and a complete description of the act of commission or omission.

ANSWER: Subject to the general objections, the plaintiff, Shana Hargrove as Power of Attorney for Kevin Welch, objects to this Request on the grounds that it is overbroad, unduly burdensome, and not sufficiently limited in scope. This request seeks every detail about every alleged negligent act or omission, including its nature, timing, location, and a complete description, which is extremely broad and burdensome. Furthermore, the plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege or protection. Also, this

Plaintiff Answers to Interrogatories
Page 7

request calls for speculation and seeks information that might be in the control of the defendants, MedStar Washington Hospital Center, Stephen Matthew Luczycki, MD, Maxwell A. Hockstein, M.D., Kaitlyn Marie Dunphy, M.D.

Subject to and without waiving the foregoing objections, Plaintiff refers Defendants to her answer to interrogatory 6, which is incorporated herein for reference. Moreover, Plaintiff states that Defendant, MedStar violated District of Columbia Consumer Protection Practices Act, DC Official Code §§ 28-3901  ("CCPA"), inasmuch as the Defendant by engaging in unfair and deceptive trade practices, as it relates to public statements it made regarding its business practices, specifically:

1. Medstar is "an [i]ndispensable provider of complex patient care for the region".
2. "MedStar Washington offers an [e]xperienced medical/dental and surgical staff of 1,500 physicians and 350 advanced practice providers".
3. While you are here in the hospital, we'll make sure your stay is as safe, pleasant, and comfortable as possible".
4. "Our multidisciplinary teams of specialists are in the air and on the ground for critical emergencies throughout the region.
5. "No other area hospital has the experience and expertise in acute care". That's why, every year, thousands depend on us for help in medical and surgical emergencies "Our services help our community's residents get and stay healthy and help to improve patients' quality of life by managing chronic illness".
6. "We are proud to have the most advanced diagnostic and treatment options in the region".
7. "We bring together highly skilled medical specialists, surgeons, and nurses — and the most advanced technology — to provide intensive medical treatment for adults and newborns with life-threatening illness or injury"
8. "We provide the region with the highest quality care, thanks to the latest medical advances in education and research".
9.  "To treat each patient as we would a member of our own family by providing the best medical treatment with caring and compassion."
10. "Our reputation for excellence is well-earned".
11. "Our multidisciplinary teams of specialists are in the air and on the ground for critical emergencies throughout the region. No other area hospital has the experience and expertise in acute care".
12. "For the reasons stated above, and others to be revealed during the course of discovery, the violations stated herein were intentional, knowing, reckless, and materially related to the characteristics, use, benefits, quantities, standard and quality of medical care that would be, could be and was provided to Hospital patients.

Plaintiff contends that the aforementioned statements to the characteristics, use, benefits, quantities, standard and quality of medical care that would be, could be and was provided to Hospital patients, when in fact Defendant did not have the stated characteristics, use, benefits, quantities, standard and quality; amounted to innuendo or ambiguity as to material facts that have a tendency to mislead. Plaintiff reserves the right to supplement.

Plaintiff Answers to Interrogatories
Page 8

INTERROGATORY NO. 8: Provide the nature, substance and content of any and all communications that you or any members of your family, representatives or friends had with Defendant or any of its agents, servants, or employees, concerning all diagnoses, treatment and procedures, which are the subject of your Complaint, including but not limited to Dr. Maxwell Hockstein, Dr. Stephen M. Luczycki, and Kaitlyn M. Dunphy. Include in your answer the identity of the individual(s) involved in the communication, the manner or medium of the communication, the identity of all person(s) present at the time of the communication, the date of each such communication.

**ANSWER: Subject to general objections, the plaintiff Shana Hargrove, as Power of Attorney for Kevin Welch, objects to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Request, as phrased, requires the Plaintiff to provide a vast amount of documentation and detail that goes beyond what is necessary to establish the claim and is not limited in time or scope. Further, this request may intrude on the privacy rights of non-parties, including family members and friends who are not parties to this litigation. Furthermore, the plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or other applicable privilege or protection. Also, this request calls for speculation and seeks information that might be in the control of the defendants, MedStar Washington Hospital Center, Stephen Matthew Luczycki, MD, Maxwell A. Hockstein, M.D., Kaitlyn Marie Dunphy, M.D.**

**Subject to and without waiving the foregoing objections, The Defendants provided daily in-person updates as well as some updates to Plaintiff via telephone as to Mr. Welch's condition, during his Intensive Care Unit (ICU) stay. Plaintiff cannot recount each and every conversation he, or his family had with a medical practitioner, including the Defendants. Plaintiff reserves the right to supplement.**

INTERROGATORY NO. 9:  With regard to the Occurrence, identify with specificity each individual, by name and/or position/job title, who you contend breached the standard of care and caused injury to Plaintiff.

**ANSWER: Subject to general objections, the plaintiff, Shana Hargrove as Power of Attorney for Kevin Welch, objects to this Request on the grounds that it is premature, overbroad, and unduly burdensome. The Request seems to prematurely seek a definitive list of all individuals who may have breached the standard of care, which is information that may not yet be fully known or understood by the plaintiff at this stage of discovery. The Request also appears to be overbroad in its request for 'each individual,' which could potentially include a vast number of individuals connected to the case, including but not limited to, hospital staff, medical professionals, and administrative personnel. This burdensome requirement may force the plaintiff to speculate or prematurely draw conclusions before all relevant information has been discovered. As such, Plaintiff objects on the basis that the request fails to take into account the ongoing nature of discovery and the evolving understanding of the case that may arise as more information becomes available. The plaintiff is prepared to provide relevant information regarding individuals who are currently known or believed to have potentially breached the standard of care, based on the information available to us at**

this point in the discovery process. It is understood that this list may be subject to change or expansion as further information becomes available. Subject to and without waiving the foregoing objections, Plaintiff states that MedStar Washington Hospital Center, Stephen Matthew Luczycki, MD, Maxwell A. Hockstein, M.D., Kaitlyn Marie Dunphy, M.D., nurses, medical assistants, and other medical professionals of Defendant MedStar Washington Hospital Center violated the standard of care in their treatment of Mr. Welch. Discovery is ongoing, and Plaintiff reserves the right to supplement. Plaintiff also reserves the right to supplement based on expert opinions, which will be disclosed consistent with the scheduling order. These experts may opine that there are additional breaches of the standard of care that proximately caused the Plaintiff's injuries. Plaintiff reserves the right to supplement this response.

INTERROGATORY NO. 10:   If you contend that Defendants or any of their agents, representatives, servants, or employees made any oral statements that constitute an admission, state the content of each such statement, the date, the time, the place of each statement, the names and occupations of each person who heard each such statement, the names and occupations of each person who made each such statement, and names and occupations of any other person who otherwise has personal knowledge regarding the making of each such statement.

ANSWER: Plaintiff objects on the basis that the request fails to take into account the ongoing nature of discovery and the evolving understanding of the case that may arise as more information becomes available. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence in its current form. The Request, as framed, requires the Plaintiff to provide exhaustive details and make speculative determinations which are not necessary to establish the claim of Medical Malpractice against the defendants MedStar Washington Hospital Center, Stephen Matthew Luczycki, MD, Maxwell A. Hockstein, M.D., Kaitlyn Marie Dunphy, M.D. Moreover, the plaintiff objects to this Request on the grounds that it seeks information that is more properly discoverable from the defendants themselves. It also calls for a legal conclusion by using the term 'admission' which is a defined legal term under federal law, making the request argumentative. Subject to and without waiving the foregoing objections, Plaintiff states none. Plaintiff reserves the right to supplement.

INTERROGATORY NO. 11: State the names, addresses, telephone number and occupation of each person who has or claims to have personal knowledge of the Occurrence and/or any injury or damages you claim as a result of the Occurrence.

ANSWER: Plaintiff objects on the basis that the request fails to take into account the ongoing nature of discovery and the evolving understanding of the case that may arise as more information becomes available. Subject to and without waiving the foregoing objections, plaintiff states:

Shana Hargrove 11450 Diantha Court Dunkirk, MD 20754 202-489-8452
Daniel Hargrove 12615 Brandywine Road Brandywine, MD 20763 202-415-4501
Marvin Holland  12615 Brandywine Road, Brandywine, MD 20763 240-535-2752

Plaintiff Answers to Interrogatories
Page 10

**Saskia Campbell 1772 Tiger Lily Cir, Woodbridge, VA 22192 757-207-3739**

**Plaintiff also states that his treating medical professionals may also have personal knowledge, and will refer the Defendants to medical records attached contemporaneously with her responses to Defendants Request for Production of Documents. Plaintiff reserves the right to supplement.**

INTERROGATORY NO. 12:   Identify each person whom Plaintiff expects to call as an expert witness at trial and the specialty, if any, of that expert. State the subject matter on which the expert is expected to testify; the substance of the facts, findings and opinions, which the expert is expected to testify; and provide a summary of the grounds for such opinion(s). Attach a copy of curriculum vitae and any report prepared by, or under the direction of, any expert identified.

**ANSWER:  Plaintiff objects to this Request on the grounds that it is premature. The time for expert disclosures has not yet occurred in accordance with the Scheduling Order, and it is not yet necessary for the Plaintiff to identify expert witnesses. Nonetheless, the Plaintiff recognizes the importance of expert testimony in a medical malpractice case and will comply with the rules of the court regarding expert disclosures at the appropriate time. Furthermore, the Plaintiff objects to the request to attach a copy of each expert's curriculum vitae and any report prepared by, or under the direction of, any expert identified, as it is overly broad and unduly burdensome.**

INTERROGATORY NO. 13:  State, in complete detail, all losses or expenses income by you as a result of the incident in question, including, without limitation, an indication of whether the loss was occurred  by you or someone else in your family, amounts and dates of bills from health care providers, lost wages, and other expenses or bills. State whether reimbursement was, or will be, sought for such expenses from any third party (including any public agency) and, if so, identify the third party, state the date of each application for payment or reimbursement, whether or not you were, in fact, paid or reimbursed (along with the amount and date of payment or reimbursement) and identify each document relating to each application for payment or reimbursement.

**ANSWER: Plaintiff is still compiling information pertaining to his loss income and will supplement, as discovery is ongoing.**

INTERROGATORY NO. 14:  Provide the details of any physical, mental or emotional pain, physical injury or damage, disfigurement, or other injury, specifying as to each whether it is temporary or permanent, which you claim to have suffered as a result of any alleged negligence on the part of Defendants. Include in your answer the names of all persons who can testify with respect thereto.

**ANSWER: Plaintiff objects to this Request to the extent it is overly broad,  or unduly burdensome. Plaintiff further objects on the basis that the request fails to take into account the ongoing nature of discovery and the evolving understanding of the case that may arise as more information becomes available.  Subject to and without waiving the foregoing objections, Kevin Welch has suffered severe physical and mental injuries as a direct result**

**of the alleged negligence of the Defendants, MedStar Washington Hospital Center, Stephen Matthew Luczycki, MD, Maxwell A. Hockstein, M.D., and Kaitlyn Marie Dunphy, M.D. The injuries encompass but are not limited to paralysis, loss of bodily functions, extreme emotional distress, and mental trauma. The extent and permanence of these injuries are still being evaluated by medical professionals and will be more fully detailed as medical treatment progresses and more information becomes available. Specifically: Anemia of chronic disease (still present), Basal ganglia infarction (permanent), Benign hypertension CAD (coronary artery disease) (permanent), CKD (chronic kidney disease) stage 3 (permanent), Depression due to acute stroke (permanent), Dysphagia (temporary), Pain (permanent), Peripheral edema (temporary), Physical deconditioning (permanent), Urinary incontinence (temporary), bowel dysfunction (still present), apathy (permanent), loss of executive functioning (permanent), sadness due to loss of connection with family and friends (permanent) (girlfriend broke up with him because it was too much), left side weakness (permanent), lacks initiation (permanent), chronic fatigue (still present). Persons who can testify to these injuries include but are not limited to Kevin Welch's treating physicians, mental health professionals, family members, and friends who have had direct knowledge of his condition both before and after the incident. Furthermore, the Plaintiff reserves the right to amend or supplement this response as additional information becomes available**.

INTERROGATORY NO. 15:  State whether you have made any other claim or filed any other lawsuit or arbitration proceeding for damages involving his mental or physical health as a result of an accident or otherwise and, if so, describe the claim, lawsuit or arbitration proceeding in complete detail, including, without limitation, the date and nature of each claim or suit, the name of each opposing party, the county in which each suit was filed, the claim or docket number, and the disposition and/or amount recovered in each claim, lawsuit or arbitration proceeding.

**ANSWER:  None. Discovery is ongoing and Plaintiff reserves the right to supplement.**

INTERROGATORY NO.16:   State whether you have entered into any settlements or releases with any person in connection with the Occurrence complained of, and, if so, identify the parties to the settlement, the terms of the settlement release, the date of the settlement or release and identify any documents prepared in connection with each release or settlement.

**ANSWER:  None.**

INTERROGATORY NO. 17:If you contend that the negligence of any person or entity other than Defendants contributed to or caused the Occurrence made the basis for this suit, please state as to each such person, his, her, or its name and the manner in which you contend, he, she, or it, contributed to, or caused the alleged occurrence.

**ANSWER:  Subject to general objections, the plaintiff, objects to this Request on the grounds that it is overbroad, unduly burdensome and calls for speculation as it requests information about potential third parties whose identities may not yet be known. The request presupposes the existence of other negligent parties, which may not be the case. Nonetheless, Plaintiff is prepared to provide relevant information regarding any known parties that may have contributed to, or caused the alleged occurrence, to the extent that such information is within**

**Plaintiff's knowledge, possession, custody, or control. Furthermore, Plaintiff reserves the right to supplement this response should additional information become available during the course of discovery. Notwithstanding these objections, the Plaintiff responds as follows: At this time, plaintiff is not aware of any other person or entity, aside from the Defendants named in the Complaint, who contributed to or caused the alleged occurrence. Plaintiff asserts that the defendants, MedStar Washington Hospital Center, Stephen Matthew Luczycki, MD, Maxwell A. Hockstein, M.D., Kaitlyn Marie Dunphy, M.D., through their negligent acts and/or omissions, proximately caused the injuries and damages alleged in the Complaint.**

INTERROGATORY NO. 18:  List any judgments, liens, or subrogation claims against you held by any local, state or federal agency or private entity securing reimbursement of payments made on your behalf for medical treatment, equipment or supplies. For each such judgment, lien, or subrogation claim, indicate the amount in question, the agency or entity holding the judgment, lien, or subrogation claim, the treatment, equipment or supplies paid for that are the subject of the judgment, lien, or subrogation claim, the date of the judgment, lien, or subrogation claim, and against whom the judgment, lien, or subrogation claim is held.

**ANSWER:  None. Discovery is ongoing and Plaintiff reserves the right to supplement.**

INTERROGATORY NO. 19:  State whether any person, including any physician or other health care provider, has expressed an opinion as to the professional services rendered by Defendants, and any of their agents, servants or employees, and, if so, state the substance of the opinion, the name and address of the person expressing such an opinion, and a complete description of the date and circumstances under which such opinion was rendered.

**ANSWER:  Subject to general objections, the plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is beyond the scope of permissible discovery. The request, as phrased, asks for any expression of opinion from any person, including any physician or other healthcare provider. This could conceivably cover an impossible number of potential individuals, many of whom may have no relevant expertise or factual information to provide. In the interest of efficiency and proportionality, this request should be limited to those persons who have expert knowledge relevant to this litigation or were directly involved in Kevin Welch's care. Additionally, the request is vague and fails to define what is meant by "professional services rendered by Defendants," which could encompass a broad range of unrelated services. Furthermore, any expression of opinion by a healthcare provider could potentially be privileged and protected from disclosure under the physician-patient privilege or other applicable privileges. As such, the plaintiff must carefully review any such information before disclosure, adding to the undue burden of this request. Subject to the general objections and the foregoing specific objections, Shana Hargrove as Power of Attorney for Kevin Welch, will provide, as part of her continuing duty to supplement discovery responses, information about the opinions of qualified individuals who have relevant information about the professional services rendered by Defendants MedStar Washington Hospital Center, Stephen Matthew Luczycki, MD, Maxwell A. Hockstein, M.D., Kaitlyn Marie Dunphy, M.D. This will be done in accordance with the Court's Scheduling Order pertaining to expert disclosures.**

**Plaintiff Answers to Interrogatories**
**Page 13**

INTERROGATORY NO. 20:  If you contend that any portion of any medical record, chart, report or other document prepared by Defendants, or any of their agents, servants or employees, is either inaccurate, false or has been altered or changed in any respect, describe such inaccuracy, falsity or alteration in complete detail, including without limitation, a specification of which such record, chart, report or document you referred to and that part of it which you contend is inaccurate, false or has been altered.

**ANSWER: Subject to and without waiving the general objections, the Plaintiff, objects to this Request on the grounds that it is overbroad, unduly burdensome, and assumes facts not in evidence. The Request, as phrased, is premature and seeks to elicit information that would be more appropriately obtained through deposition or expert testimony. It requires the Plaintiff to provide an exhaustive analysis of all medical records, charts, reports, and documents prepared by the Defendants, or any of their agents, servants or employees, which may not be within the Plaintiff's knowledge or expertise. Further, the Plaintiff objects to this Request on the grounds that it invades the attorney-client privilege, work-product doctrine, and other applicable privileges to the extent it seeks information that the Plaintiff's counsel has obtained in preparation for trial or in anticipation of litigation. The Plaintiff also objects on the basis that the Request calls for the provision of legal opinions or conclusions, which are not proper subjects for discovery. Notwithstanding these objections, the Plaintiff will provide relevant and non-privileged information which are within her knowledge, possession, custody, or control and which she contends are inaccurate or false, subject to the foregoing objections and in accordance with the rules of discovery and as otherwise agreed upon by the parties. Moreover, Plaintiff believes a lot of the charting done by the nurses was inaccurate and untimely.  Several nurses often charted at the end of their shifts.  One nurse was audited and found to have overmedicated Kevin. Plaintiff reserves the right to supplement this response as discovery is ongoing.**

INTERROGATORY NO. 21:  Identify each known written statement or report relative to any of the facts giving rise to the Occurrence complained of in this matter, naming the person who gave the statement or report, specifying the date of each statement or report, and naming its present custodian. Attach exact copies of all written statements or reports, which have been prepared or signed by Defendants, or any of their agents, servants, or employees, or any reps, which have allegedly been prepared under Defendants, or any of their agents, servants, or employees' direction or supervision.

**ANSWER: Subject to general objections, Plaintiff, objects to this Request on the grounds that it is overbroad and unduly burdensome in its requirement for "each known written statement or report relative to any of the facts giving rise to the Occurrence." The Request, as drafted, requires the Plaintiff to provide an exhaustive list of documents and their custodians, which exceeds the reasonable bounds of relevant discovery.  Further, this Request could be construed to include privileged communications protected by the attorney-client privilege, attorney work product doctrine, and/or other applicable privileges or protections. To the extent this Request seeks the production of privileged or otherwise protected materials, the Plaintiff objects to this Request. Subject to and without waiving the foregoing objections, none. Plaintiff reserves the right to supplement.**

**Plaintiff Answers to Interrogatories**
**Page 14**

INTERROGATORY NO. 22:Itemize in detail all expenses incurred by or on behalf of you in connection with this matter, medical or otherwise, which you contend are the direct and proximate result of any alleged negligence of Defendants, or any of their agents, servants, or employees. As to each, state the factual basis for the amount claimed. Include in your Answer all private insurance companies and local, state or federal agencies who have made payments for medical treatment, equipment or supplies for Plaintiff.

**ANSWER: The Plaintiff has incurred substantial medical expenses as a direct and proximate result of Defendants alleged negligence. These expenses include, but are not limited to, costs for hospital stays, surgeries, medical treatments, medication, medical supplies, and necessary medical equipment. These expenses have been paid by several private insurance companies and state agencies, the details of which will be duly provided. However, the specific details, including the amounts and factual basis for these claims, are being calculated and will be provided in due course.  Further, as it relates to Count II, Plaintiff continues to incur attorney's fees. Plaintiff reserves the right to supplement.**

INTERROGATORY NO. 23:   Please identify your (a) educational history; and (b) your employment history for the past ten years and include any and all other sources of income to you during that time period.

**ANSWER:  Mr. Welch obtained a B.S. Degree in Criminal Justice in 2002, from the University of Maryland College Park. Mr. Welch, has been employed at the National Geospatial Intelligence Agency, Located at 7500 GEOINT Drive, Springfield, VA 22150, since 2006 through present, as an Information Security Officer (Management).**

INTERROGATORY NO. 24:  If you missed any time in the past, or anticipate missing any time from work in the future, or contend that you have suffered a loss of earning capacity, as a result of the occurrence made the basis of this suit, state how much time was lost, or will be lost, the dates that you lost or will lose time from work, whether there were or will be any deductions from pay as a result of such lost time, how much in wages or salary, if any, you have lost, or anticipate losing the future, and the basis for any clams for loss of earning capacity, as a result of any alleged negligence on the part of the Defendants.

**ANSWER: Plaintiff is totally and permanently disabled and unable to perform his duties as an Information Security Officer due to the injuries sustained as a proximate cause of the breaches of the standard of care by the Defendants. The Plaintiff is prepared to provide relevant and appropriately detailed documentation regarding past and future lost wages directly resulting from the incident described in the Complaint. Nevertheless, the Request, as it currently stands, overreaches by demanding specific dates and exact amounts of anticipated lost time from work in the future, which is speculative and calls for information not within the control of the Plaintiff. Moreover, the Request demands an explicit calculation of deductions from pay as a result of such lost time, which again is speculative and may require knowledge and calculations not within the control of the Plaintiff. The basis for any claims for loss of earning capacity will be opined by experts qualified to render such opinions, which will be disclosed in accordance with the Court's Scheduling Order.**

Respectfully Submitted,

/s/ Kim Parker

_____

Kim Parker, Esquire
D.C. Bar No. 46980
The Law Offices of Kim Parker, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
F: 443-486-1691
E: kp@kimparkerlaw.com

Governor Jackson, Esquire
D.C. Bar No. 1002797
Law Office of Governor Jackson, III, LLC
10 G Street NE, Suite 600
Washington, D.C. 20002
(410) 528-5150
(410) 528-1055 (f)
gjackson@governorjacksonlaw.com

## **OATH**

I do solemnly declare and affirm under the penalties of perjury that the foregoing Plaintiff's Answers to Interrogatories are true and correct to the best of my knowledge, information, and belief.

_____
SHANA HARGROVE, As Power of Attorney
For Kevin G. Welch, Plaintiff

**Plaintiff Answers to Interrogatories**
**Page 16**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

**SHANA HARGOVE**,

        *Plaintiff*,

    v.

**MEDSTAR  WASHINGTON  HOSPITAL
CENTER**, *et al* ,

        *Defendants*.

CASE NO. 1:23-cv-3381-RJL

**NOTICE OF SERVICE OF DISCOVERY**

I HEREBY CERTIFY that Plaintiff's Answers to Defendants Interrogatories, was mailed this ~~6th~~ day of ~~March~~, 2024, via first class mail, postage prepaid to:

**MICHAEL J. HALAIKO, ESQUIRE
DONNA STURTZ, ESQUIRE**
NELSON MULLINS RILEY & SCARBOROUGH LLP
100 S. Charles Street, Ste 1600 Baltimore, MD 21201
Counsel for Defendants MedStar Washington Hospital Center,
Stephen Matthew Luczycki, MD, Maxwell A. Hockstein, M.D., and
Kaitlyn Marie Dunphy, M.D

/s/ Kim Parker

Kim Parker, Esquire

**Plaintiff Answers to Interrogatories
Page 17**

## eSignature Details

| | |
|---|---|
| **Signer ID:** | **GNfjN7fKqMTaRFztZ7sKX2eF** |
| Signed by: | Shana Hargrove |
| Sent to email: | shanahargrove@gmail.com |
| IP Address: | 104.28.39.153 |
| Signed at: | Mar 6 2024, 7:04 am EST |